# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT FADEM, | Case No. 2:13-cv-01213-RCJ-NJK |
| Plaintiff, | |
| vs. | **SANCTION ORDER** |
| AMERICAN STATES PREFERRED INSURANCE COMPANY, | |
| Defendant. | |

Before the Court are Plaintiff's Response, Docket No. 17, and Defendant's Response, Docket No. 18, to this Court's September 16, 2013, Order to Show Cause, Docket No. 16.

**I.    FACTUAL BACKGROUND**

On August 12, 2013, the parties filed a joint status report indicating that they scheduled their Rule 26(f) conference for September 10, 2013. Docket No. 10. The Court, in response to that status report, issued a minute order requiring the parties to comply with the Local Rules and to file a timely discovery plan and scheduling order. Docket No. 11. The Order clearly stated:

> The parties indicate that they have scheduled their Rule 26(f) conference for September 10, 2013. However, pursuant to LR 26-1(d), the Rule 26(f) conference must be held within 30 days of July 22, 2013, when the first Defendant filed its Answer, and the stipulated discovery plan is due 14 days thereafter. See Local Rule 26-1(d). The parties are hereby ordered to comply with these deadlines.

Docket No. 11.

Accordingly, pursuant to the Court's August 13, 2013, Order, and the Local Rules, the parties were required to hold their Rule 26(f) conference no later than August 22, 2013, and submit their

proposed discovery plan and scheduling order no later than September 4, 2013.

Nevertheless, the parties failed to submit their proposed discovery plan and scheduling order until September 10, 2013. Docket No. 12. Within the proposed discovery plan, the parties indicated that they held their Rule 26(f) conference on September 10, 2013. *Id*. On September 11, 2013, the Court denied that proposed discovery plan because it did not provide an explanation for the longer discovery period that was requested. Docket No. 13. The Court gave the parties an opportunity to correct their mistake and ordered the parties to submit a revised discovery plan no later than September 16, 2013. *Id*. Nevertheless, the parties waited until September 25, 2013, to submit a revised discovery plan and scheduling order. Docket No. 14. At no point did the parties request an extension of time.

On September 26, 2013, the Court ordered both parties to show cause in writing, no later than October 3, 2013, why they should not be sanctioned up to and including a $1000 court fine for their failure to comply with Court orders. Docket No. 16. Plaintiff filed his Response on September 27, 2013. Docket No. 17. Defendant filed its Response on September 30, 2013. Docket No. 18.

**II     LEGAL STANDARD**

Attorneys are required to follow Court orders. Federal Rule 16(f) requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. *Wilson v. KRD Trucking W.*, 2013 WL 836995 (D. Nev. Mar. 6, 2013). Violations of Federal Rule 16 are neither technical nor trivial. *Id*.; *citing Martin Family Trust v. Heco/Nostalgia Enterps. Co.,* 186 F.R.D. 601, 603 (E.D.Cal.1999). It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management." *Id*.; *quoting Sherman v. United States,* 801 F.2d 1133, 1135 (9th Cir.1986). The rule also makes clear that "concerns about burdens on the court are to receive no less attention than concerns about burdens on opposing parties." *Id*.; *quoting Matter of Baker,* 744 F.2d 1438, 1441 (10th Cir.1984)(en banc). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762, 769 (9th Cir.2001).

Federal Rule 16(f) applies to all pretrial orders. *Wilson*, 2013 WL 836995; *citing e.g., Pitman v. Brinker Int'l, Inc.,* 216 F.R.D. 481, 483 (D.Ariz.2003), *amended on review on other grounds,* 2003 WL 23353478 (D.Ariz.2003). Litigants have an "unflagging duty to comply with clearly communicated case-management orders...." *Martin Family Trust*, 186 F.R.D. at 604; *quoting Rosario–Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir.1998). Both courts and commentators agree that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *Id.; citing Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir.1990) (affirming sanction of lawyer for failure to attend settlement conference because "the date 'slipped by him' "); *Ford v. Alfaro,* 785 F.2d 835, 839–40 (9th Cir.1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing); *Ikerd v. Lacy,* 852 F.2d 1256, 1258–59 (10th Cir.1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions."); *Harrell v. United States,* 117 F.R.D. 86, 88 (E.D.N.C.1987) ("Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of [a] Rule [16 order]"); William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 15:81 (TRG 1994) ("*Negligent failure to comply with Rule 16 justifies imposition of appropriate sanctions.*") (emphasis in original); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction.").

Similar to Federal Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney ... who, without just cause ... [f]ails to comply with any order of this Court." Local Rule IA 4–1.

### III.   ANALYSIS

Here, both parties admit that they did not comply with this Court's orders. *See* Docket Nos. 17 and 18. Concerning the Court's August 13, 2013, Order requiring the parties to hold their Rule 26(f) conference by August 22, 2013, the parties indicate that they discussed that Order but decided to not follow it. Docket No. 17 at 2; Docket No. 18, at 2,4.  Concerning the Court's September 11, 2013, Order, Plaintiff indicates that he simply did not realize that the Court ordered the parties to submit a revised discovery plan. Docket No. 17, at 2. Defendant asserts that it did not realize a

3

1  discovery plan had not been filed by the deadline, until after the deadline had passed. Docket No. 18,
2  at 2.
3        In an attempt to justify his non-compliance, Plaintiff's counsel indicates that he failed to
4  comply with this Court's Orders because he was preparing for a trial in another case, went on
5  vacation, and did not realize that this Court ordered an amended discovery plan until September 25,
6  2013. Docket No. 17, at 2.  Defendant's counsel argues that he thought he was complying with the
7  Local and Federal Rules by scheduling the conference for September 11, 2013, and, additionally,
8  counsel did not properly calendar the deadline for submitting the revised discovery plan.[1] Docket No.
9  18, at 3-4.
10       Neither parties' reasoning, however, justifies their non-compliance with this Court's Orders.
11 The parties were clearly capable of compliance, they willfully chose not to comply with the August
12 13, 2013, Order, and, additionally, they made no effort whatsoever to request extensions to either of
13 the Court's Orders.
14       This Court's Orders were clear. The parties' failure to abide by the Court's Orders has
15 disrupted this Court's management of its docket and resulted in additional expense in the
16 administration of this case. *See Sanders v. Union Pacific Railroad Co.,* 154 F.3d 1037, 1041 (9th
17 Cir.1998) ( "In our continuing efforts to achieve justice for individual litigants, we must not allow
18 the flagrant disobedience of judges' orders to bring about further delay and expense."). Moreover,
19 sanctions are appropriate as a means of deterring neglect of Rule 16 obligations. *See Media*
20 *Duplication Services v. HDG Software,* 928 F.2d 1228, 1242 (1st Cir.1991) ("We have no hesitation
21 in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16]
22 obligation.").
23 . . .
24 . . .

---

[1] Defendant also argues that this Court should apply an excusable neglect standard in determining whether sanctions are appropriate. Docket No. 18, at 3. However, as Defendant points out, excusable neglect is the standard employed for untimely filings. *See id*.  Here, the basis for sanctions is the parties' failure to comply with the Court's Orders.

## IV. SANCTIONS

For the reasons discussed above, the Court finds the imposition of sanctions appropriate. The Court has broad discretion in fashioning the appropriate sanctions for violating a Court order. *Wilson*, 2013 WL 836995; *citing e.g., Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir.1993). The Court may award any "just" sanctions under Rule 16(f) and "any and all appropriate" sanctions under Local Rule IA 4–1. In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures. *Martin Family Trust*, 186 F.R.D. at 603. The Court also considers the resources wasted by the parties due to their violations of the Court's orders. *See, e.g.*, Federal Rule 16(f)(2).

The Court finds that each party's counsel should be sanctioned in the amount of $75 for their failure to comply with the Court's Orders. This is a minor amount, but the Court believes the sanction is sufficient to deter similar misconduct in the future. The sanction is imposed on counsel because the briefing before the Court indicates that it was counsel who failed to follow the Court's Orders. Payment by each parties' counsel in the amount of $75 shall be made, no later than October 11, 2013, as a court fine to the "Clerk, U.S. District Court." The parties shall file proof of payment within five days of payment.

## V. CONCLUSION

For the reasons discussed above, the Court hereby DISCHARGES the order to show cause as to Plaintiff and Defendant and SANCTIONS each party's counsel in the amount of $75, pursuant to Federal Rule 16(f) and Local Rule IA 4–1.

IT IS SO ORDERED.

DATED: October 2, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge