UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| SCOTT FADEM, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:13-cv-01213-RCJ-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| AMERICAN STATES PREFERRED | ) | |
| INSURANCE COMPANY, | ) | **O R D E R** |
| | ) | |
| Defendant(s). | ) | |

This matter is before the Court on Plaintiff Scott Fadem's Motion to Compel Answer to Interrogatory and Requests for Production (Docket No. 22).

**MEET AND CONFER**

The initial inquiry here, as with any motion to compel, is whether Plaintiff made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the

nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Meaningful discussion means the parties must present the merits of their respective positions and assess the relative strengths of each. *See Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D. Nev. June 11, 2007). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.

Judicial intervention is appropriate only when "(1) informal negotiations have reached an impasse on the substantive issue in dispute, or (2) one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims of privilege." *Monsanto*, 151 F.R.D. at 120.

Here, Plaintiff has failed to show that he made adequate meet and confer efforts prior to filing the instant motion. Plaintiff represents that the parties held a telephonic conference on November 19, 2013, but were unable to resolve "all discovery disputes." Docket No. 22, at 3. Plaintiff has not explained, however, whether the parties meaningfully discussed the merits of their respective positions nor whether they has a frank exchange in an effort to avoid judicial intervention. To the contrary, Defendant represents that during the first meet and confer attempt on November 18, 2013, Plaintiff was not prepared to discuss specific discovery requests and, the next day, when Defendant's counsel asked for an additional two to four business days to address Plaintiff's concerns, Plaintiff's counsel dismissed that request. Docket No. 26, at 4.

Thus, it does not appear that Plaintiff made a good faith effort to meet and confer. Rather, by denying Defendant an opportunity to respond, Plaintiff acted without knowing Defendant's position on the dispute and, therefore, could not have concluded that the parties have reached an

1  impasse. The parties must meet and confer on each one of the disputed matters and "present to each
2  other the merits of their respective positions with the same candor, specificity, and support during
3  the informal negotiations as during the briefing of discovery motions." See *Monsanto*, 151 F.R.D.
4  at 120. The purpose of the discussion should be to either resolve or narrow the dispute.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff Scott Fadem's Motion to Compel Answer to Interrogatory and Requests for Production (Docket No. 22) is **DENIED without prejudice**.

DATED this 6th day of December, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**