UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

SCOTT FADEM,

           Plaintiff(s),

vs.

AMERICAN STATES PREFERRED
INSURANCE COMPANY,

           Defendant(s).

2:13-cv-01213-RCJ-NJK

**O R D E R**

Before the Court is Defendant American States Preferred Insurance Company's Amended Motion for Entry of Protective Order (Docket No. 29). Plaintiff filed a responsive brief (Docket No. 31). The Court finds that a reply on the matter is not necessary. Additionally, the Court finds that a hearing on the motion is not necessary. *See* Local Rule 78-2. The motion is hereby **GRANTED** in part as provided in this order.

Defendant filed the present motion seeking to enter a protective order in this case. According to Defendant, it cannot properly respond to Plaintiff's discovery requests without a protective order because Plaintiff has requested documents that contain trade secrets and other business sensitive information, including Defendant's claim handling guidelines. Plaintiff opposes the motion on the grounds that he does not believe that the claims handling guidelines are confidential and/or trade secrets.

. . .

. . .

1    Having considered the matter, the Court hereby ORDERS the parties to meet and confer, no
2    later than December 23, 2013, regarding a joint protective order that can be entered in this case.[1]
3    The Court further ORDERS that the parties shall file a proposed protective order for the Court's
4    review no later than December 27, 2013. Once a protective order is entered, Defendants shall
5    designate documents as it sees fit and produce those documents to Plaintiff's attorney. To the extent
6    Plaintiff wishes to dispute Defendant's designations for the claims handling guidelines, it may do
7    so through the normal process that will be included in the protective order.
8    IT IS SO ORDERED.
9    DATED: December 19, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**

---

[1] The Court notes that protective orders are fairly routine and almost never require Court intervention. The Court stresses that the parties must make every effort to resolve any differences regarding the protective order amongst themselves. To the extent the dispute between the parties concerns the designation of Defendant's claims handling guidelines, that dispute should be resolved after the entry of a protective order and is not grounds for failing to enter the protective order.