UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SCOTT FADEM, ) | |
| ) | |
| Plaintiff(s), ) | 2:13-cv-01213-RCJ-NJK |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| AMERICAN STATES PREFERRED ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant(S). ) | |

Before the Court is Plaintiff's Renewed Emergency Motion to Answer to Interrogatory and Request for Production. Docket No. 37. The Court has considered Plaintiff's Motion, Docket No. 37, and Defendant's Response, Docket No. 42. The reply was due January 13, 2014. *See* Docket No. 38. To date, no reply has been filed. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, Plaintiff's motion is hereby DENIED.

**I.    BACKGROUND**

This is a breach of contract case arising out of Defendant's denial of Plaintiff's claim for underinsured motorist benefits under an insurance policy issued by Defendant. At issue in the instant motion are Defendant's responses to Plaintiff's written discovery requests. Specifically, Defendant objected to Request for Production 13 and Interrogatory 8. The parties met and conferred on this dispute in an effort to avoid court intervention, but were unable to reach a resolution. On December 31, 2013, Plaintiff filed the instant emergency motion seeking to compel responses to Request for Production 13 and Interrogatory 8. Docket No. 37. The Court shortened the briefing deadlines at the

request of Plaintiff. Docket No. 38. Defendant filed a response. Docket No. 42. Plaintiff did not file a reply.

## II.  DISCUSSION

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery when it determines that a response has not been properly provided. Fed.R.Civ.P. 37(a). Specifically, a party may move for an order compelling responses to requests for production and interrogatories. *See* Fed.R.Civ.P. 33 and 34.

### A.  Request for Production No. 13

In this matter, Plaintiff asserts that Defendant improperly objected to Request for Production No. 13. Plaintiff's Request for Production No. 13 states:

> Produce a bate stamped list of all individuals that have handled Scott Fadem's underinsured motorist claim with AMERICAN STATES PREFERRED INSURANCE COMPANY including each individuals [*sic*] full legal name, last known address, last known telephone number, and the current affiliation with AMERICAN STATES PREFERRED INSURANCE COMPANY.

Docket No. 37-1, at 8.

Defendant's response to Request for Production No. 13 states:

> ASPIC objects to this Request on the grounds that it is overly broad and unduly burdensome. Furthermore, ASPIC has no duty to create responsive documents for Plaintiff.

*Id*.

Federal Rule of Civil Procedure 34 governs requests for production. The rule permits a party to "serve on any other party" a request to produce or allow inspection of documents or tangible items that are "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). The responding party must then make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the "party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (*quoting Marti v. Baires,* 2012 WL 2029720, at *19–20,(E.D. Cal. June 5, 2012) (*citing Uribe v. McKesson,* 2010 WL 892093, at *1, (E.D.Cal. Mar. 8, 2010)). "A party, however, is not required

- 2 -

to create a document where none exists." *Id.* (*citing Goolsby v. Carrasco,* 2011 WL 2636099, at *7–8 (finding that a document request that would require the defendant to create a roster of all employees who supervised the prison cage yard is not a proper request under Federal Rule of Civil Procedure 34(a)); *see also Robinson v. Adams,* 2011 WL 2118753, at *20 (E.D.Cal. May 27, 2011) (ruling that defendant is not required to create a document in response to a request for production)).

Here, Plaintiff does not dispute that a bate stamped list of all individuals that have handled Plaintiff's underinsured motorist claim does not exist. Nevertheless, Plaintiff seeks production of such a list because it "would assist counsel in identifying the name and location of the individuals who handled Plaintiff's underinsured motorist claim." Docket No. 37, at 5. Defendant agrees that such a list would be beneficial to Plaintiff, but asserts that it has no obligation to create such a list. The Court agrees with Defendant. As explained above, parties are not required to create a document where none exists. *See Rogers,* 288 F.R.D. at 485. Additionally, the information requested by Plaintiff has already been provided to him by Defendant in the claim file. Docket No. 42, at 3.[1] Thus, Plaintiff can make a list of the individuals that have handled Plaintiff's underinsured motorist claim on his own. Accordingly, the Court finds that Defendant's objection to Request for Production 13 was proper. Plaintiff's motion to compel a response to his request is denied.

**B.   Interrogatory No. 8**

Next, Plaintiff asserts that Defendant improperly objected to Interrogatory No. 8. Interrogatory No. 8 states:

Identify the name and the residence address of the following individuals:

(a)   the person most knowledgeable from American States Preferred Insurance Company regarding the policy of insurance which provided coverage to Scott Fadem including all endorsements, forms, changes or amendments.

(b)   the person most knowledgeable from American States Preferred Insurance Company regarding all documents utilized by American States Preferred Insurance Company to calculate the amount of insurance premiums which were

---

[1] Defendant represented in its response that this information has already been provided. Docket No. 42, at 3. Plaintiff has not filed a reply disputing this assertion.

|   |   |   |
|---|---|---|
| | | charged for the policy of insurance which provided coverage to Scott Fadem. |
| | (c) | the person most knowledgeable from American States Preferred Insurance Company regarding all procedures that have been adopted or utilized by American States Preferred Insurance Company for the handling of underinsured motorist claims. |
| | (d) | the person most knowledgeable from American States Preferred Insurance Company regarding all claims adjustment guidelines and procedures that American States Preferred Insurance Company has implemented, adopted, or utilized for the prompt investigation and handling of underinsured motorist claims. |
| | (e) | the person most knowledgeable from American States Preferred Insurance Company regarding all documentation found within American States Preferred Insurance Company's claims files regarding claims that have been made by Scott Fadem. |
| | (f) | the person most knowledgeable from American States Preferred Insurance Company regarding all documentation generated by American States Preferred Insurance Company as a result of Scott Fadem's underinsured motorist claim. |
| | (g) | the person most knowledgeable from American States Preferred Insurance Company regarding all actions, including communications and correspondence by American States Preferred Insurance Company and its employees, to resolve Scott Fadem's underinsured motorist claim. |
| | (h) | the person most knowledgeable from American States Preferred Insurance Company regarding all affirmative defenses asserted by American States Preferred Insurance Company including every denial of the allegations to the Plaintiff's Complaint found in the Defendant's Answer. |

Docket No. 37-1, at 7-8.

Defendant's response to Interrogatory No. 8 states:

ASPIC objects to this Interrogatory as compound, premature, and improper under the Court's Rules. Specifically, Rule 30(b)(6) of the Federal Rules of Civil Procedure provides the proper mechanism for an organization to designate a person most knowledgeable, after a properly issues notice identifying with reasonable particularity the topics of the deposition. ASPIC will identify such witnesses when it receives a deposition notice pursuant to FRCP 30(b)(c)[*sic*].

*Id*., at 8-9.

Plaintiff asserts that he needs the requested information in order to ensure that Defendant's 30(b)(6) witnesses appear at deposition and/or trial. This assertion, however, as Defendant points out, is incorrect. A 30(b)(6) witness does not testify as an individual, but rather on behalf of the organization by whom he or she is designated. Thus, notice should be served upon the organization, not the individual. Further, the proper vehicle for determining who will be

- 4 -

an opposing party's 30(b)(6) witness is to issue a subpoena that describes with reasonable particularity the matters for examination. *See* Fed.R.Civ.P. 30(b)(6). Accordingly, the Court finds that Plaintiff's Interrogatory No. 8 is improper and that Defendant's objection was proper. This portion of Plaintiff's motion to compel is also denied.

### III. REASONABLE EXPENSES

If a motion to compel is denied, a court must require the moving party to pay the "reasonable expenses incurred in opposing the motion" unless the motion was "substantially justified." See Fed.R.Civ.P. 37(a)(5)(B). A request for discovery is "substantially justified" under Rule 37 if reasonable people could differ on whether a party was bound to comply with a discovery rule. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Although the motion to compel in this matter was denied, the Court finds it was substantially justified.

### IV. CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Renewed Emergency Motion to Answer to Interrogatory and Request for Production, Docket No. 37, is **DENIED**.

DATED this 16th day of January, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge